SEALED

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JAN 22 2019

JULIA C. DUDLEY, CLERK
BY: /s/ T. Clark
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:19mj14
409 Grace Street )
Glade Spring, VA )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Western_____ District of _____Virginia_____ *(identify the person or describe property to be searched and give its location)*: 409 Grace St, Glade Spring, VA (to include the residence, curtilage, garages, outbuildings, campers, persons present, and vehicles present). Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § 846/841(a)(1), and the application is based on these facts: See Attachment C    and/or  841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/22/19

*Judge's signature*

City and state: Abingdon, Virginia    Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



409 Grace St, Glade Spring, VA

ATTACHMENT B

1. Methamphetamine, methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; electronic communication devices (such as cellular telephones) that are used to communicate with other drug traffickers/co-conspirators; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, gold, diamonds, precious jewels, etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 409 Grace St, Glade Spring, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 409 Grace St, Glade Spring, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (27) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Jason Galliher, information provided to me by other law enforcement/probation officers, and information provided to me by a source of information (hereafter referred to as "SOI"). Any reference to the gender of any unnamed person within this affidavit does not necessarily reflect the true gender of said person.

5. Since early July 2018, a confidential source (or sources) successfully performed multiple controlled purchases (recorded, monitored, and surveilled by law enforcement) of methamphetamine from Jason Galliher. All of the purchases involved amounts of methamphetamine exceeding (1) gram.

6. During the second week of November 2018, this affiant and other law enforcement officers interviewed a SOI. The SOI admitted (against his own penal interest) being a methamphetamine trafficker. The SOI claimed that one of his sources of methamphetamine was Jason Galliher from whom the SOI regularly obtained multi-gram quantities of methamphetamine. The SOI admitted last obtaining methamphetamine from Galliher at Galliher's residence (409 Grace St, Glade Spring, VA) during late September 2018 and claimed that during early November 2018, Galliher advised the SOI that he had methamphetamine available for sale.

Law enforcement performed multiple controlled purchases (utilizing a confidential source or sources) of methamphetamine from the SOI during 2018.

7. During November 2018, law enforcement encountered Jason Galliher with pistol ammunition on his person and rifle ammunition in the center console of a motor vehicle he was operating during the course of a traffic stop and consent search. Law enforcement was unaware at the time that Galliher is a convicted felon who is on probation and has a 4th Amendment waiver. An arrest warrant for Galliher was recently issued charging Gallier with being a felon in possession of ammunition. The arrest warrant has not yet been served.

8. During December 2018, a concerned citizen advised law enforcement in Glade Spring, VA that Jason Galliher is in possession of a pistol and a rifle.

9. During December 2018, a concerned citizen and neighbor of Jason Galliher advised law enforcement that there was a great deal of foot and vehicle traffic going to and from Galliher's residence in Glade Spring, VA. The concerned citizen further advised that the vehicle and foot traffic primarily occurred at night and individuals were often parking in the area and then walking to Galliher's residence.

   This affiant is aware that such frequent vehicle and foot traffic going to and from a residence, especially during nighttime hours, is an indicator of drug trafficking activity.

10. During mid-January 2019, a reliable confidential source advised law enforcement that she can purchase methamphetamine from Jason Galliher in Glade Spring, VA.

    The reliable confidential source has successfully performed in excess of (25) methamphetamine controlled purchases (surveilled, monitored, and recorded by law enforcement) since the Summer of 2018. Five of the aforementioned controlled purchases occurred during mid-January 2019. The reliable confidential source has also provided law enforcement with information regarding several wanted persons and the information was instrumental in the apprehension of said wanted persons.

11. During the last (72) hours, another concerned citizen and neighbor of Jason Galliher advised law enforcement that there is a great deal of foot and vehicle traffic going to and from Galliher's residence during the nighttime hours in Glade Spring, VA.

12. Jason Galliher's criminal history includes an August 7, 2017 conviction for felony distribution/accommodation of methamphetamine. Galliher is currently on supervised probation in relation to the aforementioned conviction. One of Galliher's supervising probation officers advised this affiant that Galliher will not report as instructed and will not submit to a drug screen. These actions (and others) have resulted in Galliher being charged with a probation violation (disposition pending). Galliher currently has a 4th Amendment waiver while he is on supervised probation.

13. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute

methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences, garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at the trafficker's/conspirator's residence/property.

14. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that persons who distribute and/or conspire to distribute methamphetamine routinely have individuals who are customers and/or co-conspirators present at their residences, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the methamphetamine they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess methamphetamine and drug use paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of methamphetamine), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at the trafficker's residences.

15. Methamphetamine traffickers are regularly found to be methamphetamine users as well. Methamphetamine use routinely causes individuals to act in a paranoid, aggressive, and oftentimes panicked manner thereby presenting a significantly increased level of danger to law enforcement. Methamphetamine traffickers routinely maintain/utilize firearms to protect their methamphetamine, related proceeds, and sales locations, and thus present a significantly increased level of danger to law enforcement. Based upon the above and the information contained within ¶7 and ¶8, this affiant believes there is reasonable suspicion that knocking and announcing the presence of law enforcement officers at the time of the execution of this search warrant would prove dangerous to the law enforcement officers involved in the execution of the search warrant.

16. Jason Galliher's known residence is 409 Grace St, Glade Spring, VA (located within the Western District of Virginia).

17. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 409 Grace St, Glade Spring, VA as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____  01-22-2019
Brian Snedeker, Special Agent (DEA)    Date

Subscribed and sworn to before me, this the 22nd day of January, 2019.
in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Seen by:

_____/s/ Roy F. Evans_____    01-22-2019
Roy F. Evans, SAUSA          Date